OPINION
Defendant-appellant Timothy Michael Gehring appeals the April 29, 1998 Judgment Entry of the Stark County Court of Common Pleas adjudicating him a sexual predator. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On July 22, 1992, appellant was secretly indicted on one count of statutory rape, in violation of R.C. 2907.02(A)(1)(b), and one count of gross sexual imposition, in violation of R.C.2907.05(A)(4). Both offenses involved the sexual abuse of the daughter of appellant's friend. The gross sexual imposition charge was alleged as a continuous course of conduct during the month of April in 1992. At his arraignment, appellant pled not guilty to the charges. Pursuant to a plea agreement, the trial court amended the indictment by dismissing the rape charge and replacing it with one count of sexual battery, in violation of R.C. 2907.03(A)(2), with a physical harm specification. Thereafter, appellant pled guilty to the charges contained in the amended indictment. The trial court merged the counts for sentencing purposes and sentenced appellant to four to ten years of imprisonment. Appellant was then transferred to the Lorain Correctional Institution to commence his sentence. After the enactment of Ohio's version of Megan's Law in R.C. Chapter 2950, the warden of the Madison Correctional Institution, the institution in which appellant was confined, recommended appellant be adjudicated a sexual predator. The trial court scheduled an H.B. 180 hearing for April 27, 1998. Prior to the hearing, appellant made several oral motions to dismiss arguing H.B. 180 is unconstitutional as it violates the Ex Post Facto and Retroactivity Clauses; constitutes double jeopardy; and is unconstitutionally vague. The trial court overruled each of appellant's motions. At the hearing, appellee presented responses to discovery, the judgment entry in which appellant changed his plea to guilty, and the bill of particulars. The response to discovery contained a statement appellant gave to the police wherein he stated he needed sex frequently, but he and his wife had sex only once every three months. Appellant knew the victim was only nine at the time of the offense, but he was "caught up in the moment." Appellant also stated he knew he had a problem. Appellant presented the court with three exhibits. Exhibit One was a certificate of completion with high honors of the Monticello Program, a program for sexual offenders offered at the institution. Exhibit Two documented the fact the Monticello Program takes twelve months to complete. Finally, Exhibit Three was the sexual predator screening instrument. Appellant's counsel argued appellant's lack of a previous conviction and his successful completion of a sexual offender program mitigated against a finding appellant is sexual predator. In addition, appellant's counsel referred to Exhibit Three, the sexual predator screening instrument, to demonstrate only one of the ten listed factors applied to appellant. After taking all evidence, the trial court adjudicated appellant a sexual predator. Appellant timely filed his notice of appeal and sets forth the following assignments of error.
I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS.
III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
IV. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE HOUSE BILL 180 IS UNCONSTITUTIONALLY VAGUE.
V. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I, II, III IV
Appellant's first, second, third, and fourth assignments are overruled on the authority of State v. Nosic (Feb. 1, 1999), Stark App. No. 1997CA00248, unreported; and State v. Bair (Feb. 1, 1999), Stark App. No. 1997CA00232, unreported.
 V
In his fifth assignment of error, appellant contends the trial court erred in classifying him a sexual predator without a record of clear and convincing evidence to support the finding. In the case State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court determined R.C. Chapter 2950 is remedial in nature and not punitive. Id. at 417. As such, we review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279. We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978),54 Ohio St.2d 279. R.C. 2950.01(E) defines a "sexual predator" as "* * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.09(B)(2) sets forth the relevant factors a trial court is to consider in determining whether a person should be classified as a "sexual predator". This statute provides: In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In Cook, the Ohio Supreme Court explained, "[a]t the hearing, the offender and the prosecutor have the opportunity to testify, present evidence, and call and examine witnesses and expert witnesses regarding the determination of whether the offender is a sexual predator." Cook, supra at 423. The trial court should follow this procedure in making a sexual predator determination. In the matter sub judice, the trial court, after hearing the arguments of counsel and reviewing the evidence presented at the April 27, 1998 hearing, stated: The Court has reviewed the evidence and is prepared to make a ruling at this time. While the court acknowledges that the Defendant is attempting to make great strides toward rehabilitation [ — ] in the matter of taking the course, you seem to have a sincere interest in advancing.
Nonetheless, the Court cannot ignore the fact that a special relationship did exist between you and the victim when you committed the crime.
The age differential, the victim was nine, perhaps ten years old at the time when you committed the offense. And you were 20 years her senior. Additionally, you committed this offense over a period of time. It wasn't a one-time offense. There were several instances involving the same victim. The family of the victim and you were friends.
The Court cannot ignore that even though there is some evidence which your attorney has presented to the Court to suggest that you were striving to overcome that, your tendency, that's good.
For purposes of this hearing, the Court is going to find that you are a sexual predator . . .
Transcript at 16-17.
The trial court analyzed the facts in light of the above-enumerated statutory factors. Appellant had a social relationship with the victim's parents; therefore, a special relationship existed between appellant and the victim. The trial court noted appellant's age relative to the victim's age, drawing attention to the fact the victim was a child of ten. Additionally, appellant's actions demonstrate a course of conduct because the offense was committed over a period of time and included more than one instance of sexual contact. We find these facts mitigate in favor of the trial court's decision. Accordingly, we find the trial court's classification of appellant as a sexual predator is supported by competent, credible evidence, and is not against the manifest weight of the evidence. Appellant's fifth assignment of error is overruled.
Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J. Wise, P.J. and Edwards, J. concur